Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8107 | **DATE** | November 21, 2011 |
| **CASE TITLE** | Jasmon Stallings (B-83576) v. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $10.69 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also issue summonses for Defendants and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jasmon Stallings, a prisoner at Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.69. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from his trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints.

Plaintiff alleges that he began having stomach pains in August of 2010 whenever he ate the soy products that the prison was serving. Plaintiff filed a grievance regarding the food. The grievance was denied and Warden Hardy concurred with the denial of the grievance. Plaintiff attempted to change his diet but he was informed that he could only change his diet if the change was for religious purposes. Thus, Plaintiff's request to have a changed diet for health reasons was denied. Plaintiff's emergency grievance to Warden Hardy regarding changing his diet due to stomach issues and blood in his stool was denied as a non-emergency. In March of 2011, Plaintiff was taken for urgent medical care due to severe stomach pain and blood in his stool. Dr. Schaefer held Plaintiff in the medical unit for three days, noting blood in Plaintiff's stool. Dr. Ghosh also treated Plaintiff. Plaintiff informed Dr. Ghosh that the nurse was only proving him stool softener. Dr. Ghosh failed to provide additional medical care. Plaintiff had a follow-up visit with Dr. Schaefer a few weeks later and Dr. Schaefer told Plaintiff there was nothing wrong. Plaintiff explained that he was still experiencing stomach pain but he received no treatment. In July of 2011, Plaintiff wrote a letter to Wexford seeking help in getting proper medical treatment. Plaintiff did not receive a response to his letter. Plaintiff sought more assistance from Warden Hardy in getting proper medical care to no avail. Plaintiff attaches numerous grievances, letters and medical records in support of his claim that he is not receiving proper medical care for his digestive issues. The attachments further support Plaintiff's allegations that the Defendants were aware of his condition and failed to take any corrective action. The Defendants must respond to the complaint.

| STATEMENT |
|---|
|      The United States Marshals Service is appointed to serve the Defendants.  Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process.  The U.S. Marshal is directed to make all reasonable efforts to serve Defendants.  With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.  In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant].  Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.<br><br>     *James F. Holderman* |