# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8107 | **DATE** | March 22, 2012 |
| **CASE TITLE** | Jasmon Stallings (B-83576) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Wexford Health Sources, Inc.'s motion to dismiss [11] is granted.  Wexford Health Sources, Inc. is dismissed without prejudice from this action.  Plaintiff's "motion to respond to Wexford's motion to dismiss" [23] is construed as Plaintiff's response to Wexford's motion to dismiss; the Clerk is directed to terminate it [23] as a pending motion.  A status hearing for the remaining parties  is scheduled for April 12, 2012 at 9:30 AM.  Plaintiff should be made available by telephone for the status hearing on April 12, 2012 at 9:30 AM.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jasmon Stallings, a prisoner at Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Presently before the Court is Defendant Wexford Health Sources, Inc.'s  motion to dismiss for failure to state a claim upon which relief can be granted.

It is well established that *pro se* complaints are to be liberally construed.  *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006).  *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place."  *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).  In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff.  *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).  A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level.  *Bell Atlantic Corp.*, 550 U.S. at 555.  While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).  "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff alleges that in August of 2010, he began to experience stomach pains from the food he was being served at Stateville.  Plaintiff filed a grievance in an attempt to get better food.  The grievance was denied.  In February,

11C8107 Jasmon Stallings (B-83576) vs. Hardy, et al.

Page 1 of 2

## STATEMENT

Plaintiff had stomach pains and blood in his stool. Plaintiff filed an emergency grievance that was determined not to be an emergency. Plaintiff's medical condition deteriorated and he was hospitalized in March of 2011. Plaintiff believes that the soy food product served at the prison is causing his stomach condition and the medical staff has failed to properly treat that condition. In July of 2011, Plaintiff wrote to Wexford Health Sources, Inc., the medical-service provider at Stateville, seeking assistance in getting proper medical treatment. Wexfod did not respond to the letter and he never received the proper medical care.

Wexford argues that Plaintiff's only allegation that he sent Wexford a letter about his needed medical care fails to state a claim. Plaintiff responded to Wexford's motion, arguing that given the opportunity, he will be able to demonstrate that Wexford was aware of inmates not receiving proper medical care and they condoned such conduct.

Contractors that provide a public function to inmates in a jail are treated the same as a municipality for purposes of Section 1983 liability. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). A municipality may be held liable to inmates under its authority if it maintains a policy that sanctions conditions within the prison that constitute an infringement of the constitutional rights of a prisoner. *Id.* The municipality's policy or practice must be the direct cause or moving force behind the constitutional violation. *Id.* If a plaintiff cannot demonstrate a formal policy that is unconstitutional, he may show a constitutional violation through a series of acts that create an inference that the municipal officials were aware of and condoned misconduct by their employees. *Id.*

In the instant case, Plaintiff does not allege that an unconstitutional policy that Wexford adopted or condoned caused him to receive improper medical care. Plaintiff's single letter to Wexford is insufficient to demonstrate Wexford's liability under Section 1983. *See Minix*, 597 F.3d at 832. Accordingly, Wexford's motion to dismiss is granted. Wexford is dismissed without prejudice from this action. Plaintiff's "motion to respond to Wexford's motion to dismiss" is construed as Plaintiff's response to Wexford's motion to dismiss; the Clerk is directed to terminate it as a pending motion.

*James F. Holderman*